**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JANET L. KEEN,                        )
                                      )
           Plaintiff,                 )
                                      )
v.                                    )   Case No. CIV-17-349-RAW-KEW
                                      )
COMMISSIONER OF SOCIAL                )
SECURITY ADMINISTRATION,              )
                                      )
           Defendant.                 )

**REPORT AND RECOMMENDATION**

Plaintiff Janet L. Keen (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 56 years old at the time of the ALJ's latest decision. Claimant completed high school and obtained a college degree in accounting. Claimant has worked in the past as an administrative clerk. Claimant alleges an inability to work beginning April 1, 2009 due to limitations resulting from cyclic vomiting syndrome, COPD, depression, anxiety, migraine headaches, vision problems, and allegies.

## Procedural History

On August 21, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. §1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 15, 2014, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding from McAlester, Oklahoma. On July 11, 2014, the ALJ issued an unfavorable decision. On July 22, 2015, the Appeals Council denied review. A request for review to this Court, however, resulted in the reversal of the decision and remand of the case.

On remand, ALJ David Engel conducted a second administrative hearing on April 12, 2017 and issued an unfavorable decision on May 23, 2017. Claimant sought an immediate review in this Court. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC")

4

to perform light work, with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to reach a proper RFC determination (with many subparts to the issue); and (2) failing to make findings at step five which are supported by the evidence.

## RFC Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of arthralgias, obesity, and diabetes mellitus. (Tr. 463).  The ALJ concluded that Claimant retained the RFC to perform light work.  In so doing, the ALJ found that Claimant could not climb ladders, ropes, and scaffolds and was unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts.  The ALJ determined Claimant could understand, remember, and carry out simple through moderately detailed instructions in a work-related setting, stating she was unable to carry out detailed to complex instructions on a sustained basis.  Claimant was found to be afflicted with symptoms from a variety of sources to include moderate intermittent pain and fatigue, and allied disorders, all variously described, that were fo sufficient severity so as to be noticeable to her at all times, but nevertheless was able to remain attentive and responsive in a

work setting and would be able to perform work assignments within the cited limitations. (Tr. 466).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of general office clerk and receptionist, both of which were found to exist in sufficient numbers in the national and regional economies. (Tr. 475). As a result, the ALJ found Claimant was not under a disability from April 1, 2009 through the date of the decision. Id.

Claimant contends the ALJ's RFC assessment was not supported by substantial evidence. She first states the RFC does not account for her cyclic vomiting syndrome and the persistent nausea which accompanies it. She proposes that the ALJ should have included limitations for periodic breaks and absences to accommodate this condition.

The ALJ noted that Claimant had suffered from the condition since she was two years old but had worked and held jobs with the condition. (Tr. 463). Claimant now claims the only reason she was able to work in her prior employment was because her employer accommodated her condition, referencing Tr. 41. At that citation, Claimant testified at the hearing that her sympathetic employer allowed her to lie on his couch in the office. (Tr. 41). She does not state the particular condition that this allowance was addressing. Her cyclic vomiting allowed her to maintain other

6

employment without apparent accommodation.  (Tr. 173, 186, 463). Medical records indicate the condition is treated with Phenergan with mainly reported nausea but no vomiting.  (Tr. 799, 800, 803). Because of the limited nature of the effect upon Claimant's ability to engage in basic work activities, the ALJ did not err in failing to include a limitation for Claimant's cyclic vomiting and nausea.

Claimant also contends the ALJ did not properly address her mental impairments.  Claimant reported on occasion that she was depressed and anxious, conditions which have been stable and less than stable periodically.  (Tr. 283, 322, 443).  Dr. Mark Rogow treated Claimant and at one point indicated she was suicidal, depressed, anxious, angry, and suffered from hallucinations and delusions.  (Tr. 800-01).  At other, later periods, Claimant was oriented to time and place and had an unremarkable psychological assessment.  (Tr. 273-74, 278-80, 282-83, 285, 289, 326, 346, 369, 395, 401, 405, 418, 465-66, 827, 841, 864, 868, 875-76).  Claimant's treating physician, Dr. J. Scoufos did not report Claimant suffered from a mental condition that imposed more than minimal limitations upon her.  (Tr. 333, 440).  This opinion was supported by the reviewing state agency physicians.  (Tr. 62-63, 84, 605, 616).  The record simply does not support a finding of further mental limitations than those included by the ALJ in the RFC.

Claimant next offers that her COPD, while not an independently

severe impairment, should have caused further limitation in the RFC to accommodate her shortness of breath. The objective diagnostic testing revealed only mild restrictions in Claimant's pulmonary function but were largely clear. (Tr. 329, 381, 822, 850-51). The record does not support any additional limitations in the RFC attributable to Claimant's COPD.

Claimant asserts that the ALJ improperly rejected the medical source statement of Dr. Mark Rogow, a treating physician. Claimant states that the ALJ misstated the length of the treating relationship. While he did not establish its true length, the ALJ did not reject the opinion because Dr. Rogow was not a treating physician.

Dr. Rogow opined in his source statement that Claimant could sit for 40 minutes at a time and for three hours during an eight hour workday; could stand for 20 minutes at a time and for one hour during an eight hour workday; and could walk for ten minutes at a time and for 30 minutes during an eight hour workday. Claimant would need rest breaks hourly and alternate between sitting and standing every 30 minutes. She could occasionally lift/carry up to ten pounds and "rarely" up to 20 pounds. Her lower extremities were limited. She could occasionally push/pull, work in an extended position, work above shoulder level, work overhead, reach, grasp and finger or engage in fine manipulation. She could rarely bend,

8

squat, crouch, kneel, balance, climb stairs or ramps but never crawl, stoop, or climb ladders or scaffolds. Claimant was markedly limited in the working in unprotected heights, handling vibrating tools, exposure to extremes in temperature or humidity, and exposure to high noise levels. She should completely avoid dangerous moving machinery. The objective basis for these findings is narratively written by Dr. Rogow as "tender back, knees, R hip with [decreased] ROM, consistent rheumatoid arthritis." The cited limitations were stated to exist since 2012. (Tr. 452-54).

The ALJ declined to accord Dr. Rogow's opinion with "controlling weight" because the medical evidence did not support it. He also found that the reference to rheumatoid arthritis by Dr. Rogow is not consistent with the record. (Tr. 471). The ALJ then proceeded to cite to the considerable evidence in the record, including consistently unremarkable findings on musculoskeletal or neurological abnormalities as well as the source statements which directly contradict Dr. Rogow's assessment. (Tr. 471-72). Moreover, the credibility of the opinion is further eroded by the fact that Dr. Rogow cites to a diagnosis of rheumatoid arthritis when the objective erythrocyte sedimentation rate was not abnormal suggesting Claimant does not suffer from rheumatoid arthritis. (Tr. 471, 480).

"As long as the ALJ provides 'good reasons in his decision for

the weight he gave to the . . . opinion[], [n]othing more [is] required[.]' . . . What matters is that the decision is 'sufficiently specific to make clear to any subsequent reviewer[] that weight the adjudicator gave to the . . . opinion and the reasons for that weight.' Mounts v. Astrue, 479 Fed.Appx. 860, 8665 (10th Cir. 2012) quoting Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007). The ALJ made detailed findings concerning the medical evidence and concluded that the objective medical record supported his decision to give Dr. Rogow's opinion less than controlling weight. No error is found in the ALJ's consideration of this opinion evidence.

Claimant also challenges the ALJ's credibility determination. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements.  The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

### Step Five Determination

Claimant contends the ALJ's hypothetical questioning of the vocational expert was improper because he did not include all of the limitations.  This Court has determined that the ALJ's consideration of Claimant's conditions was appropriate and the restrictions imposed in the RFC were supported by substantial evidence.  Further,

the ALJ's questioning of the expert accurately reflected his properly determined RFC. No error resulted.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE